**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Larry Taylor,** | ) | **CASE NO. 3:04 CV 7514** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Jefferey Wolfe, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. 32) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Larry Taylor, commenced this action on August 17, 2004 with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after a jury trial in the Erie County Court of Common Pleas. This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation recommending that the

1

respondent's motion to dismiss be granted and the Petition be dismissed as untimely. Petitioner has filed Objections to the Report and Recommendation. In addition, and subsequent to filing his Objections, petitioner has filed a "Motion to Supplement the Record" (Doc. 34) and a "Motion for Relief from Judgment" (Doc. 35).

**Standard of Review**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**Discussion**

The Magistrate Judge concluded that (1) the August 17, 2004 Petition herein is time-barred under the applicable statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA); (2) the doctrine of equitable tolling does not excuse petitioner's failure to timely file his Petition; and (3) petitioner is unable to demonstrate that he was actually innocent of the charges for which he was convicted.

Petitioner raises numerous objections to each of the Magistrate Judge's conclusions. These objections will be discussed *infra*.

The AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Magistrate Judge found that the August 17, 2004 Petition was untimely pursuant to § 2244(d)(1)(A). The facts relevant to this conclusion are as follows. Petitioner was found guilty by a jury in Erie County, Ohio of one count of kidnaping, three counts of rape, two counts of felonious sexual penetration, and one count of felonious assault. On October 26, 1995, the Erie County Court of Common Pleas sentenced petitioner to consecutive terms of 10 to 25 years on all counts, except the charge of felonious assault which carried a term of 8 to 15 years. On November 16, 1996, the Court of Appeals for the 6th District of Ohio affirmed petitioner's conviction and sentence. Petitioner did not appeal to the Ohio Supreme Court.

On October 21, 1997, petitioner (proceeding *pro se*) filed a motion to reopen his appeal pursuant to Ohio R. App. Proc. 26(B). The appellate court denied petitioner's motion as untimely on November 6, 1997, and the Ohio Supreme Court subsequently dismissed his appeal on February 18, 1998.

Over 3 years later, on May 3, 2001, petitioner filed a motion for relief from judgment

pursuant to Ohio R. Civ. Proc. 60(b) in state appellate court. That court denied petitioner's motion for lack of jurisdiction on June 25, 2001. Thereafter, on November 7, 2001, petitioner filed a motion for new trial pursuant to Ohio R. Crim. Proc. 33(B) in the state trial court, alleging newly discovered evidence. On October 17, 2002, the trial court denied petitioner's motion on the basis of res judicata and untimely filing. The state appellate court thereafter denied petitioner's appeal on October 31, 2003. Petitioner did not appeal to the Ohio Supreme Court.

Meanwhile, on March 18, 2003, petitioner filed his first federal habeas corpus petition in the United States District Court for Northern District of Ohio, Western Division. *See Taylor v. Wolfe*, Case No. 3:03 CV 7128 (N.D. Ohio 2003). Simultaneously, petitioner filed a motion to dismiss his petition in order for him to exhaust his state remedies, and requested that the court find that equitable tolling applies to his case. The Court (Judge Potter) granted Petitioner's motion to dismiss but declined to rule on the applicability of equitable tolling. On June 10, 2003, petitioner filed his second habeas petition in this Court. *See Taylor v. Wolfe*, Case No. 3:03 CV 7281 (N.D. Ohio 2003). On June 23, 2004, the Court (Judge Potter) dismissed his petition for failure to exhaust state remedies. Petitioner thereafter executed the instant habeas petition on August 10, 2004 and filed it with this Court on August 17, 2004.

The Magistrate Judge recommended that the Court find that the instant Petition was untimely under AEDPA § 2244(d)(1)(A) for the following reasons. Because petitioner did not appeal the state appellate court's affirmance of his conviction and sentence, the AEDPA statute of limitations began to run 45 days after petitioner could have appealed his conviction to the Ohio Supreme Court, i.e., on **December 30, 1996** (forty-five days after the appellate court's November 15, 1996 decision). The statute of limitations then ran for 295 days, until petitioner

filed his motion to reopen appeal on October 21, 1997.  This motion was denied as untimely by the state appellate court on November 6, 1997, and the Ohio Supreme Court dismissed his appeal on February 18, 1998.  Because petitioner's motion was denied as untimely, the Magistrate Judge recommended that the Court find that said motion was not "properly filed" and therefore not subject to statutory tolling, citing the United States Supreme Court decision of *Pace v. DiGuglielmo* 125 S.Ct. 1807 (2005).  Thus, the Magistrate Judge concluded that petitioner's motion to reopen appeal did not toll the AEDPA statute of limitations and, therefore, the instant Petition (filed August 17, 2004) was clearly untimely.

However, the Magistrate Judge went on to conclude that, even assuming that the motion to reopen appeal did toll the statute of limitations, the Petition herein was still untimely by a wide margin.  Specifically, the Ohio Supreme Court dismissed petitioner's appeal of the appellate court's denial of his motion to reopen appeal February 18, 1998, and no further appeal was taken.  The statute of limitations, then, would have been tolled from the filing of petitioner's motion to reopen appeal on October 21, 1997 until 90 days after the Ohio Supreme Court's dismissal of his appeal on February 18, 1998, i.e., until **May 19, 1998.**

Petitioner would have then had 70 days (i.e. 365 days minus 295 days) before the AEDPA statute of limitations expired, or until July 28, 1998.  However, petitioner's next filing was not until May 3, 2001, when he filed his motion for relief from judgment pursuant to Ohio R. Civ. Proc. 60(b).  The Magistrate Judge concluded that this fell well beyond the statute of limitations period and, thus, none of petitioner's subsequent state collateral challenges tolled the AEDPA and the instant Petition was clearly untimely.

The Magistrate Judge then recommended that the Court find that the doctrine of equitable

tolling does not excuse Petitioner's failure to timely file. In *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), the Sixth Circuit held that the doctrine of equitable tolling does apply to the one-year limitation period applicable to habeas petitions. The court then identified five factors that should be considered: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id*. at 1008-09 (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)).

The Magistrate Judge correctly notes that petitioner makes no arguments in support of factors one or two, above. Rather, the Magistrate Judge considered the primary issue to be whether petitioner was diligent in pursuing his claims. The Magistrate then recommended that the Court find that petitioner was not reasonably diligent in light of the fact that he (1) waited over nine months to file his motion to reopen appeal; (2) then waited three years after the state courts concluded their review of that motion before filing any other collateral challenges; and (3) waited over six years from the denial of his motion to reopen appeal to file a federal petition for habeas corpus. Moreover, the Magistrate rejected petitioner's argument that his delay was excusable because counsel failed to advise him of the outcome of his direct appeal because "[a]bsent Petitioner's bare assertions of ignorance of his own case and purposeful neglect by counsel, Petitioner offers no credible evidence of either allegation." (Report & Recommendation at 9).

Accordingly, the Magistrate Judge recommended that the Court find that the petitioner's August 17, 2004 Petition is untimely and that petitioner had failed to demonstrate that equitable

tolling would be appropriate under the circumstances.

Petitioner (proceeding *pro se*) filed a "Motion of Objection" to the Magistrate Judge's Report and Recommendation, detailing twenty objections to the Magistrate's findings and conclusions. Many of these objections are overlapping and repetitive and, thus, will not be separately listed herein. However, petitioner's primary arguments[1] that this Court should reject the Magistrate's Report and Recommendation are as follows:

1) Petitioner's counsel never notified petitioner (or provided petitioner with a copy) of the appellate court decision affirming his conviction and, thus, he was unaware of that decision and unable to timely appeal or effectively argue the merits of his appeal;

2) Respondent, the state courts, and petitioner's own counsel all failed, after repeated requests, to provide petitioner with the evidence, information and court documents petitioner alleges he needed to effectively pursue his appeal, including his argument that the statute of limitations period should be equitably tolled;

3) The Magistrate Judge improperly ignored the fact that petitioner did, in fact, file numerous motions in state court between the denial of his motion to reopen appeal and his May 2001 motion for relief from judgment, which motions should toll the AEDPA limitations period; and

4) Under §2244(d)(1)(B), the respondent's failure to provide petitioner with the documents and information he requested constitutes an "impediment" to filing his petition which has not yet been removed.

The Court rejects petitioner's objections and agrees with the Magistrate Judge that petitioner's August 17, 2004 Petition is untimely and that the limitations period should not be equitably tolled. With regard to petitioner's first argument above, even if petitioner's counsel had failed to notify him of the appellate court's decision, petitioner fails to explain why he waited

---

[1] Petitioner also makes numerous substantive criminal law arguments in his Objections which are not relevant to the AEDPA limitations and tolling issues herein and, thus, are not discussed in this Memorandum of Opinion and Order.

7

over three years after the resolution of his motion to reopen appeal, to file his motions for relief from judgment and for new trial. As the Magistrate Judge correctly noted, even if the statute of limitations is tolled during the pendency of petitioner's motion to reopen appeal, this three year delay between the resolution of petitioner's motion to reopen appeal and the filing of his motion for relief from judgment places the instant Petition well beyond the AEDPA's one year statute of limitations. Accordingly, the Court rejects this argument in support of petitioner's August 17, 2004 Petition.

In addition, the Court rejects petitioner's second argument, above. Petitioner objects repeatedly that respondent failed to follow this Court's order that respondent must furnish the Court "with copies of all transcripts, journal entries, opinions, indictments, affidavits, orders and docket sheets pertaining to the proceedings from which the petitioner seeks relief in this Court." (Order to Show Cause, Doc. 7).[2] However, the record reflects that respondent did attach as Exhibits to his Motion to Dismiss all of the state court decisions relevant to the statute of limitations issue presented herein. While petitioner argues that he has not been provided with the relevant transcript(s),[3] petitioner fails to explain how these transcripts would in any way help him overcome the respondent's argument that his Petition is untimely. Similarly, with regard to the alleged failure of the state courts and counsel to provide him court documents and information,

---

[2] This is also the subject of petitioner's pending "Motion to Supplement the Record," filed July 25, 2005 (Doc. 34) and "Motion for Contempt of Court" filed June 27, 2005 (Doc. 31). The Court denies both of these Motions for the reasons stated above.

[3] It is not entirely clear to which transcripts petitioner is referring. At different points in his Objections, petitioner refers generally to various pre-trial and hearing transcripts, as well as to the trial transcript.

petitioner fails to either (1) specify which documents and information he is referring to, or (2) explain how the receipt of this information would have allowed him to file the instant Petition within the applicable statute of limitations.

With regard to petitioner's third argument, above, the Court rejects this argument for the reason that petitioner fails to (1) identify what motions he filed between the denial of his motion to reopen appeal and his May 2001 motion for relief, or (2) demonstrate that said motions would have, in fact, tolled the AEDPA limitations period.

Finally, with regard to petitioner's fifth argument, above, the Court rejects this argument as well. Petitioner does not explain why he could not have filed the instant Petition in the absence of the court documents and information that he claims was not provided to him. It is clear from petitioner's motion to reopen appeal that, although allegedly delayed, he was ultimately provided with a copy of the appellate court's decision affirming his conviction and sentence. With that decision in hand, petitioner does not explain why he could not have filed the instant Petition and then filed a motion with this Court to obtain copies of the necessary transcripts and/or other court documents. In the absence of such a demonstration, the Court rejects petitioner's argument that the failure to provide him with court documents and information constitutes an "impediment" to the filing of the instant Petition pursuant to § 2244(d)(1)(B).

Accordingly, for all the reasons set forth above and in the Magistrate Judge's Report and Recommendation, the Court rejects petitioner's Objections and agrees with the Magistrate Judge's recommendations that (1) the instant Petition was filed outside the AEDPA statute of limitations period, and (2) Petitioner has failed to demonstrate that the limitations period should

be equitably tolled.

Finally, the Magistrate Judge recommended that the Court reject petitioner's argument that he is actually innocent of the crimes charged. Specifically, while petitioner argued that "the charge of attempted murder was added to prejudice him, the victim described an assailant that does not match the description of Petitioner, the prosecution failed to prove that the victim was actually raped, the prosecution failed to prove that the burns on the victim were made with malicious intent, a DNA test had been hindered in the state courts, and . . . misconduct by the police, counsel and the prosecutor," the Magistrate Judge concluded that petitioner had failed to submit any evidence whatsoever to support any of his claims of actual innocence.

Petitioner objects to the Magistrate Judge's recommendation on this issue, but fails to point to any evidence supporting his claims of actual innocence.

Accordingly, for all the reasons set forth above and in the Report and Recommendation, the Court agrees with the Magistrate Judge's recommendation that Petitioner has failed to demonstrate actual innocence.

**Conclusion**

As this Court agrees with the conclusions of the Magistrate Judge, it fully adopts his factual and legal conclusions as its own and incorporates them herein by reference. Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation the Petition for Writ of Habeas Corpus is denied.[4]

---

[4] Also pending is Petitioner's "Motion for Relief from Judgment" filed July 25, 2005 (Doc. 35). This Motion is comprised principally of substantive criminal law arguments which are not relevant to the limitations and tolling issues presented herein. Thus, petitioner's "Motion for Relief from Judgment" is denied.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

\*\*\*

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253.

Here, the Magistrate Judge concluded that the August 17, 2004 Petition was untimely and that equitable tolling of the statute of limitations was not justified under the circumstances of the case. In addition, the Magistrate Judge concluded that petitioner had failed to demonstrate actual innocence. This Court agrees with the Magistrate's conclusions and further finds that jurists of reason would not find such conclusions debatable. Accordingly, the Court does not find that a COA should issue.

Therefore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a COA. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/2/05